UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No: 3:18-CV-00057-GFVT |
| ) | |
| AMANDA MULLINS, LLC, *et. al.* ) | |
| ) | |
| Defendant ) | |

**MIDLAND, LLC'S ANSWER AND CROSS-CLAIM TO PLAINTIFF'S COMPLAINT**

Comes the Defendant, Midland Funding, LLC ("Midland"), by and through its attorneys, W. Scott Stinnett and Lloyd & McDaniel, PLC, and for its Answer and Cross-Claim to United States of America's Complaint, states as follows:

**ADMISSIONS AND DENIALS**

1. Paragraph 1 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent paragraph 1 of the Complaint states other factual allegations, Midland denies those allegations.

2. Paragraph 2 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent paragraph 2 of the Complaint states other factual allegations, Midland denies those allegations.

3. Midland lacks sufficient knowledge or information at present time to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint.

4. Midland lacks sufficient knowledge or information at present time to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

5. Midland lacks sufficient knowledge or information at present time to form a belief

as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

   6. Paragraph 6 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent paragraph 6 of the Complaint states other factual allegations, Midland denies those allegations.

   7. Midland lacks sufficient knowledge or information at present time to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint.

   8. Midland lacks sufficient knowledge or information at present time to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint.

   9. Paragraph 9 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent paragraph 9 of the Complaint states other factual allegations, Midland denies those allegations.

   10. Midland lacks sufficient knowledge or information at present time to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint.

   11. Midland lacks sufficient knowledge or information at present time to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint.

   12. Paragraph 12 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent paragraph 12 of the Complaint states other factual allegations, Midland denies those allegations.

   13. Midland admits the allegation in paragraph 13 of the Complaint.

   14. Midland admits the allegation in paragraph 14 of the Complaint.

   15. Paragraph 15 of the Complaint states a legal conclusion to which no responsive pleading is necessary. To the extent paragraph 15 of the Complaint states other factual allegations, Midland denies those allegations.

16. Midland admits the allegation in paragraph 16 of the Complaint.

17. Midland denies all allegations in Plaintiff's Complaint which are not specifically admitted herein, including those allegations set forth in the Plaintiff's Prayer for Relief.

### **CROSS-CLAIM**

After having first reaffirmed and reiterated each and every allegation of its Answer, Midland states its Cross-Claim as follows:

1. 1. Midland is the holder of an unsatisfied Judgment against Amanda Mullins, secured by a Judgment Lien recorded against the property which is the subject of this proceeding upon which there is an unpaid balance of $2,906.59 with interest thereon at 0% per annum from November 1, 2018 until satisfied.

**WHEREFORE**, Midland prays as follows:

1. That its lien be adjudged a lien against the real estate which is the subject of this proceeding;

2. That the property which is the subject of this proceeding be sold and the proceeds distributed according to the priorities established at law;

3. For Judgment on its Cross-Claim for the sum of $$2,906.59 with interest thereon at 0% per annum from November 1, 2018 until satisfied;

4. For any and all other just and proper relief to which Midland may appear entitled.

Respectfully Submitted,

Lloyd & McDaniel, PLC

W. Scott Stinnett

/s/ W. Scott Stinnett
11405 Park Road
P.O. Box 23200

3

        Louisville, Kentucky 40223
        (502) 585-1880
        sstinnett@lloydmc.com

        *Counsel for Midland Funding, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2018, the foregoing Answer and Cross-Claim has been served by Electronic Filing, and/or U.S. First Class Mail to:

Amanda Mullins
1588 Harrodsburg Rd.
Lawrenceburg, KY 40342

A. George Mason, Jr.
George Mason Law Firm, PSC
3070 Lakecrest Circle, Suite 400
PMB 278
Lexington, KY 40513
*Counsel for Plaintiff*

        /s/ W. Scott Stinnett_____
        *Counsel for Midland Funding, LLC*